# IN THE COURT OF APPEALS OF IOWA

No. 16-0297
Filed January 25, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYLAN JAMES DEBEIR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Christopher C. Foy,

Judge.


Tylan DeBeir appeals the judgment and sentence entered following his

conviction of child endangerment causing serious injury. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.


Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Tylan DeBeir appeals the judgment and sentence entered following his conviction of child endangerment causing serious injury. He argues he received ineffective assistance from his trial counsel because counsel failed to object to an error in the wording of the marshaling instruction.

**I. Background Facts and Proceedings.**

DeBeir lived with his girlfriend, Megan, and cared for her children while she worked. When Megan left for work in the early morning hours of March 30, 2013, her thirteen-month-old son, R.C., was asleep in a portable crib located near the bed Megan and DeBeir shared. Approximately two hours after Megan left for work, DeBeir sent Megan a frantic message about R.C. The text message read: "He woke me up by flipping out of [his crib] and now he's acting so weird! he [fell] off the bed by the window! he's just crying he won't take his bottle and he's just [screaming]! i'm scared!!!!!" Megan immediately called DeBeir and heard R.C. crying in a way that was "not normal" but rather was "like a scared, hurt cry." DeBeir told Megan that R.C. had fallen out of the portable crib and would not stop crying. R.C. was transported to the hospital and then transferred to the University of Iowa Hospitals and Clinics pediatric intensive care unit for treatment of neurological injuries.

DeBeir consistently maintained that on the morning in question, he awoke after hearing a "thud" and found R.C. had fallen out of his crib. He opined that R.C. may have hit his head on the window sill as he fell. Dr. Resmiye Oral, a pediatrician at the University of Iowa Hospitals and Clinics who is board certified in child abuse pediatrics, examined R.C. and opined that R.C.'s injuries did not

comport with DeBeir's explanation of how the injuries occurred. Rather, Dr. Oral concluded R.C. had suffered abusive head trauma "that involved rotational acceleration deceleration forces as in shaking with or without an impact from a soft surface." Dr. Oral also did not believe it was possible for R.C. to fall in the manner DeBeir described given the size of the portable crib, R.C.'s height, and the crib's location in the bedroom.

The State charged DeBeir with child endangerment causing serious injury. After trial, a jury found DeBeir guilty as charged. He was adjudicated guilty and sentenced to a term of not more than ten years in prison.

**II. Analysis.**

The State charged DeBeir with committing child endangerment under two alternatives set forth in Iowa Code section 726.6(1) (2013). The pertinent parts of this section state:

> 1. A person who is the parent, guardian, or person having custody or control over a child or a minor under the age of eighteen with a mental or physical disability, or a person who is a member of the household in which a child or such a minor resides, commits child endangerment when the person does any of the following:
> a. Knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety.
> b. By an intentional act or series of intentional acts, uses unreasonable force, torture or cruelty that results in bodily injury, or that is intended to cause serious injury.

Iowa Code § 726.6(1).

DeBeir challenges the wording of the jury instructions marshaling the elements of child endangerment causing serious injury and the lesser-included offenses of child endangerment causing bodily injury and child endangerment. In the challenged portion of the marshaling instructions, the jury was instructed that

to prove DeBeir was guilty of child endangerment, the State was required to prove one of the following alternatives:

> Alternative A. [DeBeir] acted with knowledge that he was creating a substantial risk to the physical, mental or emotional health or safety of [R.C.]; OR
> Alternative B. [DeBeir] intentionally committed an act or used unreasonable force, torture or cruelty that resulted in physical injury to [R.C.]
> It is not necessary that all jurors agree as to Alternative A or Alternative B. It is only necessary that all jurors agree as to one of these two alternatives.

DeBeir complains that although section 726.6(1)(b) states a person is guilty of child endangerment only by intentionally acting to use unreasonable force, torture, or cruelly that results in physical injury, the use of an extraneous "or" in "Alternative B" allowed the jury to find him guilty if he intentionally committed an act that resulted in physical injury.

DeBeir admits his trial counsel failed to raise an objection to the jury instructions before the trial court and the alleged error is therefore not preserved for our review. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) (holding error is not preserved for appeal when defendant fails to object to an erroneous jury instruction in the trial court). On appeal, DeBeir instead claims counsel's failure to raise the issue below resulted in ineffective assistance of counsel, a claim for which error preservation is not required. *See State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006).

We review ineffective-assistance claims de novo. *See id.* In order to succeed on such a claim, a defendant must show that counsel failed to perform an essential duty and, as a result, prejudice occurred. *See State v. Effler*, 769 N.W.2d 880, 890 (Iowa 2009). Unless the defendant proves both prongs, the

ineffective-assistance claim fails. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).

Generally, we presume counsel was competent, and the defendant must overcome that presumption. *See Ondayog*, 722 N.W.2d at 785. The State concedes that the trial court worded "Alternative B" incorrectly and, therefore, counsel should have objected to the instruction. *See id.* (stating the failure to object to an erroneous jury instruction breaches an essential duty unless counsel had a tactical reason for not objecting to the instruction). However, even assuming counsel breached an essential duty in failing to object to the wording of the instruction, the State argues DeBeir cannot show the breach prejudiced him.

In order to prove the prejudice required to succeed on an ineffective-assistance-of-counsel claim, a defendant bears the burden of showing a reasonable probability that the outcome of the proceeding would have been different if counsel had performed competently. *See Clay*, 824 N.W.2d at 496. "In determining whether this standard has been met, we must consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial." *Id.* (citation omitted). If the jury would have returned a guilty verdict if DeBeir's counsel had objected to the wording of the instruction and the court had changed the instruction to use the statutory language, no prejudice is shown. *See State v. Thorndike*, 860 N.W.2d 316, 322 (Iowa 2015) (finding no prejudice shown where court was "confident the jury would have returned the same verdict of guilty" had counsel objected to an erroneous jury instruction and the trial court had removed the offending language).

DeBeir argues that the trial court should have instructed the jury that it could only find him guilty if he "intentionally committed an act by use of unreasonable force, torture or cruelty that resulted in physical injury to RC." Had trial counsel objected to the marshaling instructions and the trial court had submitted the instructions with the language DeBeir now proposes, we are unable to conclude the result would have changed. DeBeir denied having done any act—intentional or otherwise—to injure R.C., instead claiming R.C. injured himself by attempting to get out of his crib and falling to the floor. By finding DeBeir guilty of child endangerment causing serious injury, the jury clearly rejected DeBeir's version of events. By finding DeBeir guilty as instructed, the jury concluded DeBeir committed an act that caused R.C.'s injuries.

Having found an act caused R.C.'s injuries, the only question remaining is whether the jury would have found that act used unreasonable force, torture, or cruelty. The evidence not only supports such a finding but shows the *only* acts that could have caused R.C.'s injuries, such as violently shaking the child, used unreasonable force, torture or cruelty. Dr. Oral testified that R.C.'s injuries could only be caused by an act that "would require a significant impact trauma." Examples of such acts would be "being thrown out of a moving car in a car accident or falling from a significant distance like story high." However, there is no evidence to support a finding that R.C. was in a car accident or fell from a significant height. Dr. Oral also testified that R.C.'s injuries were consistent with having been accidentally or intentionally thrown "from some distance onto a non-yielding rigid surface" but dismissed this as a possible cause of R.C.'s injuries because that type of impact would have also caused "bleeding within and

underneath the scalp and/or a skull fracture," which R.C. did not sustain. There was no evidence R.C.'s head had impacted a hard surface. The only explanation for R.C.'s injuries that the jury could have accepted in finding DeBeir guilty as instructed was that DeBeir had shaken the child, which would qualify as an act using unreasonable force, torture, or cruelty.

If DeBeir's trial counsel had objected to the wording of "Alternative B" in the marshaling instruction and the trial court had instead instructed the jury as DeBeir proposes, the jury would have found DeBeir guilty of child endangerment causing serious injury. Because the result would have been the same, DeBeir was not prejudiced by any error in the jury instructions. Accordingly, his ineffective-assistance claim fails.

**AFFIRMED.**